IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LIAM HASTINGS, Individually and
as Parent and Next Friend of NICOLAS
HASTINGS and SYDNEY HASTINGS, both
Minors; and TRENTON HASTINGS,
Individually                                                                                                PLAINTIFFS


v.                                             Case No. 4:19-cv-4067


FCA US LLC f/k/a/ CHRYSLER
GROUP, LLC f/k/a CHRYSLER LLC
f/k/a/ DAIMLER CHRYSLER f/k/a
CHRYSLER CORPORATION; LONNIE
MCCURRY'S FOUR-WHEEL-DRIVE-
CENTER, INC. d/b/a SKYJACKER
SUSPENSION, INC.; and QUADRATEC, INC.                                            DEFENDANTS

# ORDER

Before the Court is Defendant FCA US LLC's Motion for Entry of Consent Protective Order. (ECF No. 34). The parties to this case, through their respective counsel, agree to protect the confidentiality of certain information that may be discovered. Upon consideration, the Court finds that the instant motion (ECF No. 34) should be and hereby is **GRANTED**. The Consent Protective Order is as follows:

A dispute has arisen about the alleged confidentiality of certain documents that will or may be produced by the parties in discovery. The purpose of this Agreement and Order is to control the disputes by providing an agreed method of dealing with material alleged by a party to be confidential. This Agreement and Order only applies to discovery, not trial or public hearings. The terms of confidentiality are as follows and apply to all parties:

1.      If a party believes documents produced in discovery legitimately qualify as confidential documents pursuant to the meaning of that term in Rule 26, the documents will be

stamped or otherwise marked "Subject to Protective Order," or will contain a similar designation to identify the documents to which this Protective Order applies. The parties understand that the marking of "confidential" on an item is a representation to the Court by counsel and the parties that a good faith investigation has been conducted and the information so marked has not previously been shared with the public. Confidential information is information containing trade secrets or other confidential research, development, commercial or proprietary information or material that has been maintained and is now being maintained by the producer as confidential and which the producer contends contain trade secret, proprietary, or other confidential information, the dissemination of which could damage the producers' competitive position and/or cause the disclosure of confidential business information, but may not include information or materials previously disclosed to the public, in trials or otherwise, without protection. The purpose of this Order is to facilitate discovery, not give a party the blanket right to stamp non-confidential information as confidential just because it is easier to do it that way. The only exception to the stamping requirement is that there is no need to stamp medical records as confidential. Those records by definition are to be treated as confidential and thus subject to the terms of this Order. Testimony based on alleged confidential information may also be designated as confidential by following the procedures outlined in this Order.

      2.     Counsel for the parties to this case and those assisting counsel, including experts and consultants, may use such documents in the ordinary course of the prosecution or defense of this litigation. In connection with such use, the documents and other materials may be shown to the parties, counsel for the parties and their staffs, experts retained by and assisting counsel in connection with this case, court reporters in connection with the taking of depositions, and to the Court and its staff. Materials produced by FCA US in this litigation concerning the 1999 Jeep

Wrangler (TJ) may also be shared with other attorneys representing consumers involved in litigation with FCA US alleging that a 1997-2006 Jeep Wrangler (TJ) was involved in a rollover crash, resulting in the injury to the driver. The described material can only be shared if the other attorney (a) has pending litigation where the materials may be relevant and discoverable and (b) if the other attorneys read this Order, agree to abide by the terms of this Order, sign a verification that they agree to the terms of this Order, and agree to make themselves subject to the jurisdiction of this Court to enforce the terms of this Order. Before sharing confidential information produced by FCA US with another attorney for purposes of another lawsuit, counsel for the Plaintiffs must first disclose the desire to counsel for FCA US. If an agreement is reached, no issue exists. If a disagreement exists, sharing may not occur without permission of the Court.

3. The documents, or information contained therein, may not be further disseminated to any person or entity not approved in this Order without permission of the Court.

4. Any person or firm to whom such documents are to be disclosed shall first be advised by counsel making the disclosure that, pursuant to this Protective Order, such person or firm may not divulge any such information to any non-qualified person.

5. The production of such documents by a party shall not constitute a waiver of any privilege or other claim or right of withholding or confidentiality that it may have.

6. If Plaintiffs have a reasonable belief that documents produced by FCA US under this Protective Order are safety-related and need be submitted to NHTSA, Plaintiffs will provide those documents to FCA US and copy counsel for all other party Defendants. FCA US agrees that it will, within 30 days thereafter, submit those documents to NHTSA with a request seeking Confidential Business Information ("CBI") treatment of the documents from NHTSA, pursuant to 49 C.F.R. Part 512 and Exemption 4 of the Freedom of Information Act, 5 U.S.C. §552(b)(4).

7. If a party disagrees with the designation of a record or document as "confidential," the party may request that specific documents be removed from the protection of this Protective Order. Such a request shall be made in writing (email is appropriate as well) to opposing counsel, and must contain a reasonable description of precisely what materials are at issue. If the parties are unable to resolve the issue through good faith negotiation, within twenty business (20) days of the party's receipt of any such request, the party desiring protection must take action by filing appropriate motion to seek a judicial determination of the protected status of any document(s) at issue. If such a motion is filed, the document(s) at issue shall remain subject to this Protective Order until such time as the Court orders otherwise. If no timely motion is filed, the dispute is automatically resolved and protection is waived.

8. Upon the termination of this litigation, any confidential documents produced by a party and still subject to this Protective Order, including any copies, shall either be discarded or returned to counsel who produced them. Counsel may provide counsel for FCA US or the party producing the Confidential documents with a letter certifying that the documents, and any copies, have been destroyed. In the event that a third party retains copies in violation of the Protective Order, and opposing counsel is aware of this, opposing counsel will provide counsel for the parties with the name and address of all such third parties.

9. All documents and materials designated protected under this Order shall be deemed by the parties to be (1) authentic, and (2) business records kept in the ordinary course of business of the producing party or of the Plaintiffs' medical providers if produced by Plaintiffs' medical providers, but the producing party may in good faith exclude specific documents and materials from the effect of this provision by providing written notification to all parties identifying the documents and materials to be excluded not later than 30 days after production

of the specific document or material by the producing party or within 30 days after Plaintiffs develop a good faith basis for objecting to the authenticity or designation as a business record kept in the ordinary course of business or a medical record related to Plaintiffs.

10. After termination of this litigation, the provisions of this Protective Order shall continue to be binding, and this Court shall retain jurisdiction over the parties, their attorneys and experts for the enforcement of the provisions of this Protective Order.

**IT IS SO ORDERED**, this 13th day of March, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge