IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LIAM HASTINGS, Individually
And as Parent and Next Friend of
NICHOLAS HASTINGS, and
SYDNEY HASTINGS, both Minors,
and TRENTON HASTINGS, Individually                                  PLAINTIFFS

vs.                                         Civil No. 4:19-cv-04067

FCA US LLC f/k/a/ CHRYSLER GROUP
LLC f/k/a CHRYSLER LLC
f/k/a DAIMLER CHRYSLER f/k/a
CHRYSLER CORPORATION;
LONNIE McCURRY'S FOUR-
WHEELDRIVE-CENTER, INC.
d/b/a SKYJACKER SUSENSION, INC.,
and QUADRATEC, INC.                                                 DEFENDANTS

## ORDER

Before the Court is Defendant Quadratec, Inc.'s Motion to Compel Discovery. ECF No. 45. *Id.* Plaintiffs' responded. ECF No. 51. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this Court. This matter has been referred to the undersigned, and it is now ripe for consideration.

Defendant Quadratec Inc. filed a Motion to Compel and Brief In Support seeking an Order overruling and striking objections to three interrogatories. ECF No. 45. In the Motion, Defendant states it is seeking the factual basis for specific claims in Plaintiffs' Complaint with reference to the failure to warn claims, (Interrogatory No. 12), what industry standards may have been violated, (Interrogatory No. 14), and the allegations against a retailer based on negligent design, testing, warning regarding known risks and the contention Quadratec negligently mispresented dangers

associated with the Skyjacker kit, (Interrogatory No. 15). In each interrogatory, Plaintiffs have objected stating they do not have the personal expertise to respond to the Interrogatories and that the responses will be provided by Plaintiffs' experts once those experts complete their opinions. Plaintiffs in their Response to the Motion to Compel interpret the interrogatories at issue as an improper attempt to get early expert opinion discovery. Plaintiffs do this despite acknowledging Defendant specifically states it is not attempting to obtain expert opinion discovery prior to the court-imposed deadline for this discovery. Notably Plaintiffs cite no authority which allows an objection to an interrogatory based on "lack of expertise." Further, Defendant states in its Motion to Compel that an interrogatory response "that the information requested will be supplied by Plaintiff's expert," would satisfy it regarding the three interrogatories at issue.

The Court, having reviewed the parties' arguments and briefing, finds the proffered objections to Defendant's Interrogatories Nos. 12, 14, and 15 are improper and should be overruled. Defendant's Motion to Compel (ECF No. 45) is **GRANTED.**

Plaintiffs are **ORDERED** to submit answers to Defendant's Interrogatories Nos. 12, 14, and 15 within ten (10) days of the date of this Order.

**IT IS SO ORDERED this 22nd day of January 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE