IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LIAM HASTINGS, Individually
and as Parent and Next Friend of
NICOLAS HASTINGS, and
SYDNEY HASTINGS, both Minors,
and TRENTON HASTINGS, individually                                         PLAINTIFFS


v.                                       Case No. 4:19-cv-4067


FCA US LLC f/k/a CHRYSLER GROUP
LLC f/k/a CHRYSLER LLC f/k/a DAIMLER
CHRYSLER f/k/a CHRYSLER CORPORATION;
LONNIE McCURRY'S FOUR-WHEEL-DRIVE-
CENTER, INC. d/b/a SKYJACKER SUSPENSION,
INC.; and QUADRATEC, INC.                                                   DEFENDANTS


**ORDER**

Before the Court is a motion for partial summary judgment filed by separate Defendant, Quadratec, Inc. ("Defendant"). (ECF No. 40). Plaintiff has opposed the Motion and requests relief pursuant to Fed. R. Civ. P. 56(d). (ECF No. 47). Defendant has filed its reply. (ECF No. 55). The Court finds this matter ripe for consideration.

**I. BACKGROUND**

This case arises from a motor vehicle accident that occurred on April 22, 2017. On this date, Plaintiff Liam Hastings ("Plaintiff") was driving a 1999 Jeep Wrangler on Highway 73 near Hope, Arkansas. Co-Plaintiffs, Trenton Hastings, Nicholas Hastings, and Sydney Hastings, also occupied the vehicle. A deer ran into the road in front of the Wrangler and Plaintiff swerved to avoid a collision. The swerve caused the Wrangler to roll over. Plaintiff was injured in the rollover accident.

Prior to the accident, Plaintiff had installed a "Skyjacker" lift kit on the Wrangler. The lift kit increased the height of the Wrangler and created greater distance between the body of the vehicle and its tires. The lift kit was sold by Defendant. Defendant did not sell the lift kit directly to Plaintiff. Instead, Plaintiff's acquaintance, Larry Perry, communicated with Defendant on Plaintiff's behalf, and Plaintiff approved the purchase of the lift kit. Plaintiff alleges the following actions against Defendant: strict liability; negligence; negligent misrepresentation; violation of the Arkansas Deceptive Trade Practices Act; and punitive damages. This matter is set for trial on November 28, 2022, and discovery does not close until July 31, 2022.

Defendant filed the instant motion on November 11, 2020. After Defendant filed for summary judgment, both Plaintiff and Defendant had discovery disputes which were referred to Magistrate Judge Barry A. Bryant for resolution. (ECF No. 56). These discovery matters included information sought by Plaintiff related to what Defendant knew or should have known regarding the safety of the Skyjacker lift kit. These discovery disputes were settled after the instant motion became ripe for review.

Defendant has moved for partial summary judgment on the following claims: misrepresentation; Arkansas Deceptive Trade Practices Act; and punitive damages. In support of the motion, Defendant argues that summary judgment is appropriate because it is undisputed that Plaintiff never communicated directly with Defendant regarding the lift kit or read any warning labels associated with it. Defendant concludes that it is entitled to judgment as a matter of law because Plaintiff cannot demonstrate that she relied on any statements made by Defendant regarding the safety of the subject lift kit. Defendant's motion relies primarily on deposition testimony from both Plaintiff and Perry.

## II. LEGAL STANDARD

The standard for summary judgment is well established. A party may seek summary judgment on a claim, a defense, or "part of [a] claim or defense." Fed. R. Civ. P. 56(a). When a party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). This is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material only when its resolution affects the outcome of the case. *Id.* at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

"Although discovery need not be complete before a case is dismissed, summary judgment is proper only if the nonmovant has had an adequate time for discovery." *Robinson v. Terex Corp.*, 439 F.3d 465, 467 (8th Cir. 2006). The nonmoving party may oppose a motion for summary judgment by showing through "affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). In such a case, the court may defer or deny the motion to allow time for the nonmoving party to take discovery. Fed. R. Civ. P. 56(d)(1)&(2). "The nonmoving party must make a showing, however, that discovery has been inadequate." *Robinson*, 439 F.3d at 467.

## III. DISCUSSION

In response to Defendant's summary judgment motion, Plaintiff has submitted a declaration (ECF No. 47, Exhibit 1) from her attorney which states that discovery is incomplete

such that Plaintiff cannot justify an opposition to the matters implicated by Defendant's motion. Plaintiff's counsel specifically alleges that discovery is incomplete regarding: what Defendant knew or should have known regarding the safety of the subject lift kit; how any known dangers were incorporated into the information Defendant provided consumers; and whether there were any foreseeable dangers associated with using the lift kit on Plaintiff's Wrangler. Plaintiff alleges that, at the time of Plaintiff's response, Plaintiff had not received full and complete discovery responses from Defendant and had thus far been unable to conduct certain necessary depositions.[1]

What Defendant knew or should have known regarding the safety of the lift kit is dispositive on Plaintiff's misrepresentation, deceptive trade practices, and punitive damages claims. *See e.g. Apex Oil Company, Inc. v. Jones Stephens Corp.*, 881 F.3d 658, 660-63 (8th Cir. 2018); *In re Aircraft Accident at Little Rock*, 351 F.3d 874 (8th Cir. 2003). Moreover, if a defendant has a duty to warn consumers about the safety hazards associated with a product, that duty to warn would extend to the "foreseeable group of persons who might be injured" by a defendant's negligent warning. *See Coca-Cola Bottling Co. of Memphis, Tennessee v. Gill*, 100 S.W.3d 715, 724-25 (Ark. 2003).

Based on the forgoing, the Court finds that Plaintiff has made a sufficient showing that discovery has thus far been inadequate for the purpose of responding to Defendant's summary judgment motion. Plaintiff is entitled to conduct full and complete discovery into whether Defendant had a duty to warn Perry of certain risks associated with the subject lift kit and whether the information provided by Defendant was indeed sufficient. It appears that when the instant motion was filed, the parties were engaged in a discovery dispute over information that informs whether Defendant knew of any risks associated with the subject lift kit, particularly in the context

---

[1] It appears from recent filings that Plaintiff has yet to depose Defendant's corporate officers but that the parties are in the process of scheduling those depositions. (ECF No. 81).

of Plaintiff's Wrangler. Although this dispute has been resolved, the evidence resolved in that dispute is not part of the present summary judgment record. Moreover, recent filings demonstrate that depositions of Defendant's employees have not yet occurred. Accordingly, the Court finds that Plaintiff is entitled to relief from summary judgment under Fed. R. Civ. P. 56(d) because there has been inadequate discovery on the issue of what Defendant knew or should have known regarding the safety of the Skyjacker lift kit.

### IV. CONCLUSION

The Court finds that Defendant's motion for summary judgment (ECF No. 40) should be and hereby is **DENIED WITHOUT PREJUDICE**. Defendant may file a renewed summary judgment motion after Plaintiff has had an adequate opportunity to conduct the discovery necessary to respond to Defendant's motion.

**IT IS SO ORDERED**, this 29th day of September, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge