IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LIAM HASTINGS, Individually
And as Parent and Next Friend of
NICHOLAS HASTINGS, and
SYDNEY HASTINGS, both Minors,
and TRENTON HASTINGS, Individually                                    PLAINTIFFS

vs.                                    Civil No. 4:19-cv-04067

FCA US LLC f/k/a/ CHRYSLER GROUP
LLC f/k/a CHRYSLER LLC
f/k/a DAIMLER CHRYSLER f/k/a
CHRYSLER CORPORATION;
LONNIE McCURRY'S FOUR-
WHEELDRIVE-CENTER, INC.
d/b/a SKYJACKER SUSENSION, INC.,
and QUADRATEC, INC.                                                    DEFENDANTS

## ORDER

Before the Court is Defendant Quadratec, Inc.'s ("Quadratec") Motion for Protective Order. ECF No. 81. Plaintiffs have responded. ECF No. 85. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to the undersigned, and it is now ripe for consideration. ECF No. 84.

Quadratec seeks protection from Plaintiffs' possible future notice of intention to take the deposition of one of its corporate witnesses. ECF No. 81. In the Motion, Quadratec seeks a Protective Order, pursuant to FED. R. CIV. P. 26(c), regarding Plaintiffs' proposed deposition of Mr. John Stewart, a Quadratec corporate official in his individual capacity.

Quadratec seeks to have Mr. Stewart deposed either as a fact witness or as a 30(b)(6) witness, but not both, and asks the Court to Order Plaintiffs to either (1) outline topics for

1

Plaintiffs' "proposed 30(b)(6) deposition" or (2) "waive the right request a 30(b)(6) deposition" of Mr. Stewart in the future. Quadratec states it wants to "avoid the scenario" where Mr. Stewart must present for depositions twice. Plaintiffs are currently seeking to depose certain individuals identified by Quadratec as fact witnesses. Plaintiffs state they do not know whether they will seek to depose a corporate representative of Quadratec. ECF No. 85, p. 2-3.

"A deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual." *Sabre v. First Dominion Capital, LLC*, 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 12, 2001). "The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of the corporation, not of the individual deponents." *A.I.A. Holdings, S.A. v. Lehman Bros., Inc.*, 2002 WL 1041356, at *2 (S.D.N.Y. May 23, 2002) (quotation omitted). As a result, an individual deposed under Rule 30(b)(1) but later designated as a Rule 30(b)(6) corporate representative is often required to appear for a separate deposition on behalf of the corporation. *See Bison Advisors LLC v. Kessler*, 2105 WL 4509158 at *2 (D. Minn. July 24, 2015).

Here, Plaintiffs seek to depose Mr. Stewart as a fact witnesses identified by Quadratec. If at a later date Plaintiffs seek to depose Quadratec's corporate representative, and Quadratec designates Mr. Stewart as such corporate representative, he can certainly be deposed again pursuant to 30(b)(6). The possibility that Mr. Stewart might have to be deposed as a fact witness and then again as a 30(b)(6) witness is not a basis in which to seek a protective order.

This Court, having reviewed the parties' arguments and briefing, finds Defendant Quadratec, Inc.'s Motion for Protective Order (ECF No. 81) should be **DENIED.**

**IT IS SO ORDERED** this 13th day of October 2021.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE